**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4453**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZAKARYIA ABDIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:17-cr-00283-RMG-1)

Submitted: January 29, 2020                          Decided:  February 5, 2020

Before WILKINSON and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Joseph Attias, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Sherri A. Lydon, United States Attorney, Sean Kittrell, Assistant United States Attorney, Nathan S. Williams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zakaryia Abdin appeals the 240-month sentence imposed after he pled guilty without a plea agreement to attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1) (2018). Abdin asserts that his sentence is procedurally unreasonable because the district court failed to provide an individualized assessment for an appropriate sentence and did not respond to Abdin's arguments for a downward departure. Abdin also argues that his sentence is substantively unreasonable because the district court considered improper factors and gave excessive weight to what his Sentencing Guidelines range would have been absent the statutory maximum applicable to his crime of conviction. Finding no reversible error, we affirm.

In reviewing Abdin's sentence for reasonableness, we apply an abuse-of-discretion standard, *see Gall v. United States*, 552 U.S. 38, 46 (2007), and review unpreserved, non-structural sentencing errors for plain error, *see United States v. Lynn*, 592 F.3d 572, 575-76 (4th Cir. 2010). In order to prevail under plain error review, a defendant must show that an error (1) occurred, (2) is plain (i.e., clear or obvious), and (3) affects his substantial rights. *See United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012).

When reviewing a sentence for reasonableness, we must consider both the procedural and substantive reasonableness of the sentence. *See Gall*, 552 U.S. at 51. First, the court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2018) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *See Gall*, 552 U.S. at 49-51; *Lynn*, 592 F.3d at 575-76.

2

"[A] district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing[.]" *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006) (internal citations omitted). "[I]n determining whether there has been an adequate explanation, we do not evaluate a court's sentencing statements in a vacuum[;]" rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *Id.* at 381. The context of a defendant's sentencing can also make clear that the district court considered defense counsel's arguments for a different sentence but found them insufficient. *See Rita v. United States*, 551 U.S. 338, 359 (2007) ("Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."); *cf. United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017) ("We cannot assume that a sentencing court truly considered a defendant's nonfrivolous arguments or his individual characteristics when the record fails to make it patently obvious." (internal quotation marks omitted)).

If no procedural error is found, we may then review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable[,]" *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014), and "[t]hat presumption can only be

3

rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors[,]" *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted). "[B]ecause district courts are in a superior position to find facts and judge their import, all sentencing decisions—whether inside, just outside, or significantly outside the Guidelines range—are entitled to due deference." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (internal quotation marks omitted).

We conclude that Abdin's sentence is procedurally reasonable. Notably, we find Abdin's argument that the district court failed to address his arguments for a downward departure sentence to be belied by the record. To the contrary, the record establishes that the district court had a complete grasp of the record and the arguments raised by defense counsel and was thoroughly prepared to—and in fact did—discuss those arguments with counsel.

Although Abdin correctly notes that the district court failed to expressly explain why it rejected his argument for a downward departure based on his pretrial solitary confinement, the district court did not reversibly err. *See* Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded."). Given the thorough sentencing hearing, the district court's exhaustive discussion with counsel, and the court's obvious knowledge of and familiarity with the parties' arguments and presentencing submissions, there is no reason to think that, had the district court simply reframed its sentencing pronouncement, the resulting decisions on the issues or ultimate sentence would be any different. *See, e.g., United States v. Boulware*, 604 F.3d 832, 839 (4th Cir. 2010) ("[E]ven assuming that the district court committed procedural error in failing to explain

4

its rejection of Boulware's argument for a below-guidelines sentence, the record in this case leaves us with no doubt that the district court considered her argument in the context of applying the § 3553(a) factors."); *see also Rita*, 551 U.S. at 359 ("Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."). *Cf. Blue*, 877 F.3d at 519-21 (vacating sentence and remanding for resentencing when the record did not provide adequate "contextual support" to discern the sentencing court's reasons for rejecting defendant's arguments for a downward departure). To the contrary, the sentencing transcript makes clear that the 240-month sentence was plainly driven by the court's assessment of the seriousness of Abdin's offense and the threat he posed to the community, and the court repeatedly referred to its belief that the imposed sentence was appropriate for several reasons. *See Boulware*, 604 F.3d at 839 ("In light of the strong indications that the district court fully considered [defendant's arguments, and] "in light of the weakness of [the solitary confinement] argument, the notion that having to explain its analysis further might have changed the district court's mind . . . is simply unrealistic in the present case, and remand for resentencing would be a pointless waste of resources.").

Moreover, in contrast to the situation this court faced in *Blue*: (1) the district court here "explain[ed] how the § 3553(a) factors or their principles shaped its sentencing decision[;]" (2) the record establishes that Abdin has up this point been "immune to other means of deterrence[;]" and (3) the district court "engage[d] counsel in a discussion about the merits of [Abdin's] arguments for a downward departure" rather than simply listen to

those arguments. *Blue*, 877 F.3d at 521. Thus, unlike the situation in *Blue* where we "lack[ed] the necessary information to conduct a meaningful appellate review" and were asked to "speculate how the sentencing court disposed of Blue's arguments for a downward departure[,]" *id.*, the rationale for Abdin's sentence and the court's refusal to downwardly depart are clear. We thus discern no reversible procedural error in the imposed sentence.

We also discern no error regarding the substantive reasonableness of the 240-month sentence. Considering the district court's discussion with counsel during Abdin's sentencing hearing and the rationale it provided when it pronounced the within-Guidelines sentence, the district court understood it had authority to impose a variant sentence and clearly considered—but rejected—Abdin's arguments in support of a variance. We also reject Abdin's argument that the district court erroneously relied on improper factors when it determined an appropriate sentence. To the contrary, and construing the record as a whole, it is apparent that the district court considered the parties' arguments and relied on multiple § 3553(a) factors when it arrived at the imposed sentence. Accordingly, having discerned no substantive error in the district court's imposition of the 240-month statutory maximum applicable to Abdin's conviction, we presume the sentence to be reasonable.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6